33 C.C.P.A.(Patents)

## Application of KAUFFMAN.

### Patent Appeal No. 5062.

Court of Customs and Patent Appeals.

Jan. 7, 1946.

Hugh C. Lord, of Eric, Pa. (Fulton B. Flick, of Pittsburgh, Pa., and Ralph Hammar, of Schenectady, N. Y., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

Claims 7 and 8 of appellant's application for a patent on a wringer were rejected by the Primary Examiner of the United States Patent Office, no claims being allowed. The examiner's rejection was affirmed by the Board of Appeals, and appellant has here petitioned for a revision of the Board's decision.

The application at bar discloses a clothes wringer which provides elements for preventing injury to the operator if the hand should be caught by the wringer rolls or for disengaging the rolls in the event, by overfeeding, the action of the rolls is interfered with. The rolls are connected to the driving mechanism in such a manner that by manual movement of a part of the cover of the wringer the connection is automatically broken and the driving shaft is caused to be disconnected from the wringer rolls.

The alleged invention defined in the two appealed claims is concerned only with the particular manner of throwing the mechanism out of gear, and while there are a number of complicated drawings the issue at bar is concerned only with a minor portion of the whole structure.

The appealed claims read as follows:

"7. A wringer mechanism comprising a frame, rolls mounted in the frame, a reversing gear mechanism, a driving connection between the reversing gear mechanism and the rolls, devices movable in one direction from a neutral position setting the reversing gear mechanism to drive the rolls in one direction and said devices being

movable in another direction for setting the gear mechanism to drive the rolls in reverse direction, *said reversing gear mechanism having cam faced engaging parts responsive to torque thrusts tending, through the camming action of the cam faces to release the reversing gear mechanism from either set position,* and a spring mechanism tending to actuate the devices to effect a release of the gear reversing mechanism from either set position, said spring mechanism returning the devices and gear mechanism to neutral position from either setting, and a trip mechanism locking the devices in set position and releasing the devices as the trip mechanism is tripped.

"8. A wringer mechanism comprising a frame, rolls mounted in the frame, a reversing gear mechanism having a driving connection with the rolls for driving the rolls in either direction, *a clutch locking the gear mechanism to drive the rolls in either direction including interlocking clutch members providing cam surfaces, which cam surfaces, energized by a torque action on the surfaces, urge the parts of the clutch toward release position from set position for driving in either direction,* and a control mechanism locking the clutch in either driving position and releasing the clutch for return toward neutral when the control mechanism is actuated, the combination with said torque energized clutch and control mechanism of a spring actuated mechanism supplementing the torque action in releasing the clutch from either set position and returning the clutch beyond the torque energized movement when released to neutral position from either set position."

The gist of the claimed invention of the two involved claims has by us been italicized.

The rejection by the examiner of the appealed claims and the affirmance of his decision by the Board is based upon the ground of double patenting in view of the single claim of appellant's patent No. 2,216,746.

There are of record two patents to appellant having identical disclosures with that of the application at bar. Patent No. 2,216,744 was the parent application, and patent No. 2,216,746 a division thereof. The present application containing the appealed claims is also a division of the parent application. Appellant asserts that his parent application, which resulted in said patent, No. 2,216,744, related to the *position* of the actuator, while the claim in patent No. 2,216,746, which is of importance here, was devoted to a *rocking control means,* or the motion of the actuator, and that the instant appealed claims define a definite type of declutching mechanism. It is not contended, however, that the instant claims and the said single patent claim do not relate to the same safety release structure disclosed in the three applications.

The single claim in patent No. 2,216,746 reads as follows:

"In a wringer, the combination of a frame; rolls mounted in the frame; a driving mechanism; a driving connection between a roll and the mechanism; controlling devices controlling the connection, *said devices yieldingly tending to break the connection; a trip means retaining and releasing the controlling devices; a rocking control means operating the trip means with either direction of rocking movement; and an actuator operating the rocking control means."* (Italics ours.)

In order to understand the contentions of appellant it is necessary here to give considerable attention to facts relating to the early prosecution of his parent application.

The examiner's rejection on the ground of double patenting seems to be predicated largely upon the proposition that the claims of the instant application read on the disclosure of appellant's patent No. 2,216,746 and the single claim of that patent reads on the disclosure of the application. The Board stated that the cross reading of the claims would not necessarily cause double patenting since "if the claims in the present application were directed to a separate subject of invention from the subject matter claimed in the patent there would be ground for a second patent." The Board was of the opinion, however, that "to merely add to the organization claimed in the patent the additional limitation of the camming structure of the clutch teeth to assist and facilitate the action produced by the springs does not direct the present claims to a different invention."

Appellant, in urging error in the double patenting holding, stresses the contention that the examiner required division of the instant subject matter from that of the said claim of the patent, and argues in effect that this fact constitutes an adjudication of the issue and that if it is a separate invention from that of the claim of the patent and if same was disclosed in the parent

application and division was required and made he should be allowed the appealed claims.

There is some doubt disclosed by the record as to whether or not the examiner required *division* as that term is ordinarily understood. According to the petition for rehearing before the Board, during the prosecution of the instant application he made the following statement (not denied):

"Thus there is no sufficient functional relationship between the type of declutching mechanism and the position and motions of the actuators and these two different features may not be included in *one claim*. The precise power stop mechanism or reversing gear unit with its trip etc. *is believed to be a separate invention*." (Italics ours.)

Whether the two features referred to amounted to invention which could not be claimed in one claim and would require more than one claim in one application to cover the subject matter or whether it was a suggestion that a division might be proper is left in considerable doubt.

▮▮▮ But assuming that it was a requirement for division and that the examiner at the time believed that the subject matter now being claimed was inventive and was a different invention from that of the claim of the patent, it does not necessarily follow that he should have adhered to that decision when he took up the consideration of the claims in the so-called divisional application at bar. This is the holding in the case, In re Isherwood, 46 App.D.C. 507, 1917 C.D. 226, and in other cases which have followed that holding. It is true that in Re Cady, 77 F.2d 106, 22 C.C.P.A., Patents, 1190, and elsewhere, it was held that where division was required by the examiner and was complied with by the applicant all reasonable doubt should be resolved in favor of the applicant. If the examiner, at the time he looked at the application which resulted in the patent and the allowance of the single claim therein, was of the opinion that the instant claimed matter, if inventive, related to a different invention, it was his duty to require division, but this action does not require that when he took up the question of the patentability of the last claimed subject matter he was bound to allow an invalid claim if, for instance, it was not patentable over the prior art or if it was objectionable on the ground of double patenting. In other words, the examiner would be wholly un-

justified, under such circumstances, in bringing about the issuance of an invalid patent. If there was a requirement for division appellant no doubt was fully aware of the fact that he might litigate this question if he desired to do so and that his failure to litigate the question was at his peril.

It is not necessary here to describe in minute detail the figures of the drawings in order to show the exact relationship of the appealed subject matter and that of the patent claim since the claims on appeal are broader in some respects and narrower in others than the single claim of the patent. The particular difference of importance here is that an additional limitation of the camming structure of the clutch teeth to assist and facilitate the action produced by the springs is hardly to be regarded as a different invention from the one relating to this particular feature found in the patent claim. Upon petition for rehearing, the Board, in denying the same, had this to say:

"Again petitioner argues that the claim of patent No. 2,216,746 in the language, 'yieldingly tending to return to neutral,' is fully satisfied by either the camming action of the inclined surfaces without the spring or by the spring without the camming action. This means that the claim of the patent covers both or is generic to both, while the present claims on appeal include both the cam surfaces and the spring mechanism. It is not apparent that the present claims involve a separate subject matter of invention from that claimed in the patent No. 2,216,746."

The Solicitor for the Patent Office called our attention in oral argument to two cases which we think are quite pertinent. The first is the case of Lion Fastener, Inc., v. Hookless Fastener Co. (cross appeal), 72 F.2d 985, where, in an opinion by the Circuit Court of Appeals, 3rd Circuit, the following, as is shown by the syllabus, was held:

"Second of two patents granted same person is invalid for double patenting, unless inventions covered thereby are *clearly separate and distinctly different and independent* from those covered by first patent; mere distinction in breadth or scope of claims being insufficient." [Italics ours.]

The other case so cited is Otis Elevator Co. v. Portland Co., C.C., 127 F. 557, involving the question of double patenting.

994

It seems to us that the instant claims, in the respects with which we are here concerned, claim the details of the subject matter defined more broadly in the single claim of the patent. This situation does not support the conclusion that they are for separate and distinct inventions which would warrant the issuance of two patents, even though it might be concluded that both the claims on appeal and the single patent claim could have been properly included in one patent. That broad generic claims and narrow specific claims both relating to one invention may be included in one patent is well settled in patent law. See rule 41 of the Rules of Practice in the United States Patent Office, 35 U.S.C.A. Appendix. It often occurs that one person is the inventor of the broad invention and another person is the inventor of the narrow one. It therefore does not follow that because a narrowly defined invention may be a different invention from a broadly defined one they cannot properly be placed in a single patent. As to whether there shall be one or more patents depends on whether or not the inventions are sufficiently closely related. To justify the issuance of a second patent it must appear that the invention therein defined is inventive over that which in a claim has already been granted to the applicant in an issued patent. In re Copeman, 135 F.2d 349, 30 C.C.P.A., Patents, 962, and cases therein cited.

So it is our conclusion that if the claims on appeal were allowed in the instant application it would amount to double patenting and that the decision of the Board affirming the action of the examiner was proper and should be, and is hereby, affirmed.

Affirmed.