39 C.C.P.A.(Patents)
### Application of LEVIN.
### Patent Appeal No. 5874.

United States Court of Customs and Patent Appeals.

Argued May 7, 1952.

Decided May 28, 1952.

Harker H. Hittson, Columbus, Ohio, for appellant.

E. L. Reynolds, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting claim 3 in appellant's application for a patent on a machine adapted to be used primarily for loading coal in an underground mine.

The instant application is one of a series of divisional applications based upon an original disclosure in a parent application, now abandoned, and the primary question for determination is whether claim 3 defines substantially the same invention as claim 21 of a prior patent, No. 2,303,372, issued to appellant December 1, 1942.

The subject matter defined by the rejected claim 3 and that described by claim

21 of the patent to Levin are contained in the limitations of the respective claims, which read as follows:

"3. A coal gathering and digging machine including a frame, means for digging and gathering coal and delivering it upwardly and rearwardly by continuous movement and discharging it, said means including a forwardly extending boom adapted to be fed rectilinearly forward while digging and gathering coal, a plate mounted on said frame and held against tilting movement relative thereto, means pivotally mounting said boom on said frame on a horizontal axis, said boom having a bottom plate forming a continuation of said first named plate, a pair of laterally spaced power driven shafts extending upwardly through said first named plate, sprockets on said shafts, a pair of endless chains extending forwardly from said sprockets to positions adjacent the forward end of said boom, digging and gathering means on said chains adapted to travel beyond the front end of said boom and gather coal, a pair of laterally spaced guides on said boom bottom plate constructed to guide said chains and form a continuous material trough between them extending from the front to the rear of said boom, said chains and attached digging and gathering means co-operating with said boom to provide mechanism to dig and gather coal adjacent the front of said boom and convey it continuously until thereby discharged rearwardly over said first named plate, means for adjusting said boom about its horizontal axis, and means for feeding said machine rectilinearly forward as a unit to force the digging and gathering mechanism into coal to be dug and gathered.

"21. In a loading machine, the combination with a supporting frame, of gathering conveyor mechanism mounted on said frame, said conveyor mechanism comprising a pair of oppositely traveling laterally spaced conveyor chains each carrying flights in spaced relation along the chain, means for driving the chains with the flights of one chain in fixed relation to the flights of the other chain so that the flights on the separate chains can attack the coal substantially at the same time, and means for moving said frame to feed the conveyor mechanism for frontal attack into the mass of coal, said flights tapering downwardly to picking fingers at their outer ends and having gathering faces leading from lower scraping edges upwardly to lateral extensions over the tops of the chains, the construction and arrangement being such that the flights can wedge under the mass of coal in the frontal attack and gather such coal for transfer along a path between the chains by said scraping edges and enable such lateral extensions to transfer coal along and over the tops of the chains along additional paths at upper levels."

The general nature of the device claimed here was well described as follows in the decision of the board:

" * * * As disclosed the machine includes three main elements, namely, [1] a frame mounted on wheels, [2] a front boom pivoted to the frame and carrying gathering chains and [3] a rear boom also pivoted to the frame and provided with a conveyor. In operation the machine is moved forward on its wheels by power driven means, forcing the forward boom into the coal. The gathering chains convey the coal rearwardly to the rear conveyor which in turn delivers the coal to a mine car or the like behind the machine. As we have indicated, the machine is of the frontal attack type and the gathering chains carry picks 145 adapted to dig under a mass of coal when in a semi-compact state after being shot and tear it loose so that the coal above the picks will fall down and be conveyed rearwardly of the machine in a continuous operation. It is stated that while the machine is constructed to be able to dig into loose or semi-compact coal, the device is fundamentally and primarily a loading machine."

In Miller **v.** Eagle Manufacturing Co., 151 U.S. 186, 14 S.Ct. 310, 38 L.Ed. 121, the Supreme Court held, as reported in the syllabus of the case:

> "No patent can issue for an invention actually covered by a former patent, especially to the same patentee, although the terms of the claims may differ.
>
> \* \* \* \* \* \*
>
> "A second patent may be granted to an inventor for an improvement on the invention protected by the first, but this can be done only when the new invention is distinct from, and independent of, the former one."

This court in the recent case of In re Kauffman, 152 F.2d 991, 994, 33 C.C.P.A., Patents, 755, 760 likewise held:

> " \* \* \* To justify the issuance of a second patent it must appear that the invention therein defined is inventive over that which in a claim has already been granted to the applicant in an issued patent. In re Copeman, 135 F.2d 349, 30 C.C.P.A., Patents, 962, and cases therein cited."

There is no dispute that the first and last limitations of each of the contested claims explicitly define a mining machine having a frame and including means for moving or feeding said machine into the coal bed to be dug and gathered. The claim in the patent broadly defines the gathering conveyor mechanism mounted on the frame, whereas the mounting features, including the beam and its support, are defined in detail by additional limitations in claim 3 without effecting a specific change in the subject matter of either of the claims.

Conversely, claim 3 broadly defines the coal gathering flights as digging and gathering means in said claim, whereas claim 21 recites such features in detail. Other limitations of claim 3 define certain features of the device and require a pair of laterally spaced power-driven shafts or guides with sprockets on said shafts, whereas those features are embodied in the different and broader language of the patent claim.

A careful analysis of the corresponding features of the two claims, some of which in the language of the present claim 3 have been rearranged by appellant, establishes without a doubt that each of the elements of claim 3 has its counterpart, more or less specifically recited, in the patent claim, and that both such claims are directed to the same basic combination.

The Solicitor for the Patent Office has correctly pointed out in his brief that the decision of the board, in its rejection of claim 3 as unpatentable over claim 21 of appellant's issued patent, was well founded for the reason that the two claims are directed to the same portions of identical disclosures, the claims call for the same elements, and such claims vary only in the emphasis given to the various features.

In view of that conclusion, no useful purpose would be served in discussing the additional points presented in the briefs and oral argument of counsel. For the reasons hereinbefore stated, the decision of the board is affirmed.

Affirmed.

JACKSON, J., sat during the argument in this case but retired April 1, 1952, before the opinion was fully prepared. He was recalled in conformity with Section 294 (c, d), Title 28 U.S.C. to participate in the decision and did so.